STATE *vs.* JAMES DUNPHY, Appellant.

Cumberland. Opinion February 10, 1887.

*Intoxicating liquors. Search and seizure. Seizure without a warrant. R. S., c. 27, §§ 39, 40.*

When an officer has, under R. S., c. 27, § 39, without a warrant, seized intoxicating liquors for the purpose of keeping them in some safe place until he can procure "such warrant," he may then proceed on complaint to obtain a

warrant under R. S., c. 27, § 40, and seize the liquors *nunc pro tunc* and make his return thereon that the liquors were seized on such warrant.

When an officer has thus taken liquors without a warrant, his complaint for a warrant may allege, that the liquors were unlawfully kept and deposited in the place when and where he found them and that they were then and there intended for sale within this State in violation of law.

On the warrant thus issued the person so keeping the liquors and intending to unlawfully sell the same, may, if it be so alleged, be arrested.

ON exceptions from the superior court.

(Complaint.)

"State of Maine.   Cumberland, ss.   To the recorder (the judge being absent from the court room,) of our municipal court, for the city of Portland, county of Cumberland. Benjamin Gribbin of Portland, in said county, competent to be a witness in civil suits, on the first day of July, A. D. 1885, in behalf of said State, on oath complains that he believes that on the first day of July in said year, at said Portland, intoxicating liquors were kept and deposited by James Dunphy and Kate Dunphy of Portland, in said county, in a certain yard, said yard being on the easterly side of Green street, in said Portland, and is the first yard northerly from building numbered one hundred and thirty-nine and one hundred and forty-one on said street, said James and Kate Dunphy not being then and there authorized by law to sell said liquors within said State, and that said liquors then and there were intended for sale in this State by said James and Kate Dunphy in violation of law, against the peace of the State and contrary to the statute in such case made and provided.

"And the said Benjamin Gribbin, on oath, further complains that he the said Gribbin at Portland, on the first day of July, A. D. 1885, being then and there an officer, to wit, a deputy sheriff within and for said county, duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale and the vessels containing them, by virtue of a warrant therefor, issued in conformity with the provisions of law, did find upon the above described premises, one jug containing about two gallons of rum, one copper boiler containing about one half pint of rum, intoxicating liquors as aforesaid,

and vessels containing the same, then and there kept, deposited and intended for unlawful sale as aforesaid, within the State by said James and Kate Dunphy, and did then and there by virtue of this authority as a deputy sheriff as aforesaid, seize the above described intoxicating liquors and the vessels containing the same, to be kept in some safe place for a reasonable time, and hath since kept and does still keep the said liquors and vessels to procure a warrant to seize the same. . . . " .

*George M. Seiders*, county attorney, for the State, cited: 68 Maine, 418 ; 63 Maine, 223.

*Edward M. Rand*, for defendant.

The complaint in this case, commonly known as a search and seizure process, is drawn under either § 40 or § 39, R. S., Maine, or under both.

Section 40 provides that " If any person competent . . makes sworn complaint before any judge . . that he believes that intoxicating liquors are unlawfully kept or deposited . . by any person, and that the same are intended for sale within the State in violation of law, such magistrate shall issue his warrant, directed to any officer . . commanding him to search the premises described . . and if said liquors are there found, to seize the same. . . The name of the person so keeping said liquors, . . if known, . . shall be stated in such complaint, and the officer shall be commanded by said warrant . . to arrest him . ."

" The search and seizure statutes are aimed against a present, and not the past possession of liquors. The person is liable, who at the date of the complaint, has liquors, and not the person who before that time has had them in his possession with intent to sell." *State* v. *John Howley, app.* 65 Maine, 100.

Section 39 provides that " Intoxicating liquors kept and deposited in the State, intended for unlawful sale . . are forfeited. . . And in all cases where an officer may seize intoxicating liquors . . upon a warrant, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant."

Such warrant ! What warrant? Why, a warrant to seize the liquors—that is the the only warrant authorized by this section. It gives no right to search, and no right to arrest, but merely declares a forfeiture and authorizes a seizure.

VIRGIN, J. The defendant moves to arrest a judgment against him under a search and seizure complaint, and warrant, for the alleged reason that the complaint is defective and that at most the arrest of him on the warrant was illegal. We do not think so.

Following the order adopted in R. S., c. 27, § § 30 to 37 inclusive, of first prohibiting the various modes, therein described, of selling intoxicating liquors, and then fixing the respective penalties for a violation thereof, the statute then takes up the matter of the liquors themselves. Accordingly § 38 prohibits the depositing or having them in one's possession with intent that they shall be sold in this State. Section 39 declares them and their vessels forfeited to the town where kept when seized ; and authorizes an officer whenever he could seize them with a warrant, to do it without one and hold them in some safe place, "for a reasonable time, until he can procure such warrant." Experience suggested the necessity of this provision; for not infrequently liquors liable to seizure and seen by an officer who did not then have a warrant, were not readily found after a complaint and warrant had been made and obtained. Hence to meet this emergency this provision was enacted to allow an officer, as in analogous cases, by virtue of his official capacity, to act at once, by taking the liquors into his possession and keeping them until he could procure a warrant for their seizure, provided he obtained one within a "reasonable time" which, in the absence of any good reason for a longer delay, should not exceed twenty-four hours. *Weston* v. *Carr*, 71 Maine, 356.

After the officer has taken possession of the liquors and their vessels and put them in a safe place, he can do nothing more with them until he procures "such warrant" as is mentioned in the last line of this section, which is a warrant on which the

officer might search for and seize the liquors in the place where he found them.

Then § 40 points the mode of making a complaint and obtaining a warrant on which to search for and seize liquors—or in other words " such warrant." *State* v. *Grames*, 68 Maine, 418, 421. And as this is the only provision under which a warrant can be obtained to search and seize liquors in a place, he must proceed thereunder, within the time mentioned, obtain a warrant and seize the liquors thereon, the same as when having arrested a thief in the act of committing a larceny, he subsequently to securing possession of the offender obtains a warrant and arrests and holds him under that, and so returns on it.

In making a complaint for a warrant to search a place for liquors before the search is made, the allegations must be made in the present tense, to wit : that they " are unlawfully kept and and deposited " and that they " are intended for sale within the State in violation of law," the statute form using both forms " were and still are," for in such cases the provisions are " aimed against a present and not a past possession of liquors." *State* v. *Howley*, 65 Maine, 100, 102. But when an officer has taken them into his possession for safe keeping without a warrant and then proceeds, in the only mode known to the statute, to make the necessary complaint to procure a warrant, the allegations must be changed to the past tense—that they were unlawfully kept and deposited in the place when and where the officer found them when he took them and that they were then and there intended for sale within this State in violation of law ; for after being taken by the officer even for safe keeping only, it could no longer be consistently alleged that they still " are kept " and " are intended for unlawful sale."

When the warrant is thus obtained with the proper allegations in the complaint, the liquors are taken thereupon and due proceedings had thereunder. Thus in the case already cited, in construing what is now § 39, PETERS, J., said : " By that provision, an officer may seize liquors without a warrant ; but in such a case he must keep them until a warrant can be obtained ; so that, when a warrant is procured, the officer can take the

liquors thereupon.    The warrant is used *nunc pro tunc.*"
*State* v. *Howley, supra.*    The same view is recognized in
*Weston* v. *Carr, supra.*

And when the name of the person so keeping said liquors is
stated in the complaint, the officer shall be commanded by the
warrant to arrest him.    R. S., c. 27, § 40.

The officer's return therefore is correct, that he seized the
liquors mentioned in the complaint " by virtue of the warrant."
*State* v. *McCafferty,* 63 Maine, 223.

The complaint also properly sets out the essential facts of the
officer's primary taking the liquors " by virtue of his authority of
a duly qualified deputy sheriff," and not by virtue of a warrant
and of his keeping them until on the same day he applied for a
warrant.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ.,
concurred.